FILED  JS
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
17 JUN 28 PM 4: 08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO.  3:15-CR-00133-GNS

UNITED STATES OF AMERICA                                           PLAINTIFF

v.

TOMMY M. SLAUGHTER                                               DEFENDANT


## JURY INSTRUCTIONS

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case, and third, some rules for your deliberations.  A copy of these instructions will be available to you in the jury room.

### I.    GENERAL RULES CONCERNING JURY DUTY

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.  Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial. All the instructions are important, and you should consider them together as a whole.  The

1



lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### A.      Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the Defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty. This means that the Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find the Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important

decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond reasonable doubt, say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

### B. Evidence

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way. The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## C.    Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(a)    Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(b)    Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(c)    Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(d)    Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(e)    Ask yourself if the witness had any relationship to the Government or the Defendant, or anything to gain or lose from the case, that have might influenced the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(f)    And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other

evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

One more important point about witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based solely on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

### D.  **Lawyers' Objections**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the

case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

### E.    <u>State of Mind</u>

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the Defendant knowingly did, and whether it is reasonable to conclude that the Defendant intended those results. This, of course, is all for you to decide.

### F.    <u>Direct & Circumstantial Evidence</u>

Now, I mentioned the terms "direct evidence" and "circumstantial evidence" when I spoke to you at the start of the case.

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

G.     **Defendant's Testimony**

You heard the Defendant testify. Earlier, I talked to you about the "credibility" or "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony. You should consider those same things in evaluating the Defendant's testimony.

## II.   RULES OF LAW

### INSTRUCTION NO. 1:  Multiple Charges

(1)    The Defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

(2)    Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

**INSTRUCTION NO. 2: On or About**

(1)     Next, I want to say a word about the date mentioned in the indictment.

(2)     The indictment charges that the crime happened "on or about" July 2, 2015. The Government does not have to prove that the crime happened on that exact date. But the Government must prove that the crime happened reasonably close to that date.

## INSTRUCTION NO. 3:  Statement by Defendant

(1)     You have heard evidence that Defendant Tommy Slaughter made a statement in which the Government claims he admitted certain facts.  It is for you to decide whether the Defendant made that statement, and if so, how much weight it deserves.  In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the Defendant allegedly made it.

(2)     You may not convict the Defendant solely upon his own uncorroborated statement or admission.

**INSTRUCTION NO. 4: IMPEACHMENT OF DEFENDANT BY PRIOR CONVICTION**

(1)     You have heard that before this trial the defendant was convicted of a crime.

(2)     This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was. You cannot use it for any other purpose. It is not evidence that he is guilty of the crime that he is on trial for now.

## INSTRUCTION NO. 5: IMPEACHMENT OF A WITNESS OTHER THAN DEFENDANT BY PRIOR CONVICTION

(1)     You have heard the testimony of Jessica Maddox. You have also heard that before this trial she was convicted of a crime.

(2)     This earlier conviction was brought to your attention only as one way of helping you decide how believable her testimony was. Do not use it for any other purpose. It is not evidence of anything else.

## INSTRUCTION NO. 6: OPINION TESTIMONY

(1)     You have heard the testimony of witnesses who express opinions on certain matters.

(2)     You do not have to accept those opinions. In deciding how much weight to give it, you should consider the witnesses' qualifications and how they reached their conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3)     Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**INSTRUCTION NO. 7: Possession of a Controlled Substance with Intent to Distribute
[Count 1]**

(1)     Defendant Tommy Slaughter has been charged with the crime of possession of a mixture or substance containing a detectable amount of cocaine with intent to distribute. Cocaine is a controlled substance. For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

      (A)     First, the Defendant knowingly possessed cocaine.

      (B)     Second, the Defendant intended to distribute cocaine.

(2)     Now I will give you more detailed instructions on some of these terms.

      (A)     I want to explain something about possession.   To establish actual possession, the Government must prove that the Defendant had direct, physical control over the controlled substance, and knew that he had control of it. But understand that just being present where something is located does not equal possession. The Government must prove that the Defendant had possession of the controlled substance, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

      (B)     To prove that the Defendant "knowingly" possessed cocaine, the Defendant did not have to know that the substance was cocaine. It is enough that the Defendant knew that it was some kind of controlled substance. Further, the Defendant did not have to know how much cocaine he possessed. It is enough that the Defendant knew that he possessed some quantity of cocaine.

      (C)     The phrase "intended to distribute" means the Defendant intended to deliver or transfer a controlled substance sometime in the future.

14

(3)     In determining whether the Defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the Defendant's words and actions.  Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone.  You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs.  The law does not require you to draw such an inference, but you may draw it.

(4)     If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

**INSTRUCTION NO. 8: Possession of a Controlled Substance with Intent to Distribute**
**[Count 2]**

(1)     The Defendant is charged with the crime of possession of a mixture or substance containing a detectable amount of heroin with intent to distribute. Heroin is a controlled substance. For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

   (A)     First, the Defendant knowingly possessed heroin.

   (B)     Second, the Defendant intended to distribute heroin.

(2)     Now I will give you more detailed instructions on some of these terms.

   (A)     Again, to establish actual possession, the Government must prove that the Defendant had direct, physical control over the controlled substance, and knew that he had control of it. Just being present where something is located does not equal possession. The Government must prove that the Defendant had possession of the controlled substance, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

   (B)     To prove that the Defendant "knowingly" possessed the heroin, the Defendant did not have to know that the substance was heroin. It is enough that the Defendant knew that it was some kind of controlled substance. Further, the Defendant did not have to know how much heroin he possessed. It is enough that the Defendant knew that he possessed some quantity of heroin.

   (C)     The phrase "intended to distribute" means the Defendant intended to deliver or transfer a controlled substance sometime in the future.

(3)     In determining whether the Defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the Defendant's words

16

and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

(4)     If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

### INSTRUCTION NO. 9: Possession of a Controlled Substance

(1)     If you find the Defendant not guilty of Counts 1 or 2, then you must go on to consider whether the Government has proved the lesser charge of possession of a controlled substance in violation of Title 21, United States Code, § 844. Cocaine and Heroin are both controlled substances.

(2)     The difference between these two crimes is that to convict the Defendant of the lesser charge of possession of a controlled substance, the Government does not have to prove intent to distribute. This is an element of the greater charge, but not the lesser charge.

(3)     For you to find the Defendant guilty of the lesser charge, the Government must prove each and every one of the following elements beyond a reasonable doubt:

(A)     First, that the Defendant possessed a controlled substance.

(B)     Second, that he did so knowingly.

(4)     Now I will give you more detailed instructions on some of these terms.

(A)     To establish actual possession, the Government must prove that the Defendant had direct, physical control over the controlled substance, and knew that he had control of it. But understand that just being present where something is located does not equal possession. The Government must prove that the Defendant had possession of the controlled substance, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

(B)     To prove that the Defendant "knowingly" possessed a controlled substance, the defendant does not have to know that the substance was a controlled substance. It is enough that the Defendant knew that it was some kind of controlled substance. Further, the Defendant did not have to know how much controlled substance he possessed. It is enough that the Defendant knew that he possessed some quantity of a controlled substance.

(5)     If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

## INSTRUCTION NO. 10: Possession of Firearm by Convicted Felon
## [Count 3]

(1)     Count 3 of the indictment charges the Defendant with being a convicted felon in possession of a firearm.  For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

(A)     **First:**  That the Defendant has been convicted of a crime punishable by imprisonment for more than one year.  The Government and the Defendant have agreed that Defendant has previously been convicted of a crime punishable by imprisonment for more than one year.

(B)     **Second:**  That the Defendant, following his conviction, knowingly possessed the firearm specified in the indictment.

(C)     **Third:**  That the specified firearm crossed a state line prior to the alleged possession.  It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

(2)     Now I will give you more detailed instructions on some of these elements.

(A)     Next, I want to explain something about possession.  The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime.  The law recognizes two kinds of possession—actual possession and constructive possession.  Just a moment ago, in relation to Counts 1 and 2, I spoke to you only about actual possession.  However, either actual or constructive possession, if proved by the government, is enough to convict for this Count.

          To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

But, remember, the Defendant does not have to own the firearm in order to possess the firearm.

(B) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

(C) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(3) If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

### III. JURY DELIBERATIONS

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court. Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.

If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

### A.    <u>Experiments, Research, Investigation, & Outside Communications</u>

Remember that you must make your decision based only on the evidence that you saw and heard here in court. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace,

21

LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

### B.    **Unanimous Verdict**

Your verdict, whether it is guilty or not guilty, must be unanimous. To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find him not guilty, everyone one of you must agree that the Government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

## C.    Duty To Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change you mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds. Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

## D.    Punishment

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be. Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond reasonable doubt.

### E.    **Return of Verdict Form**

I have prepared a verdict form that you should use to record your verdict. The form reads as follows:

"We, the Jury, find the Defendant, Tommy Slaughter: Guilty_____     Not Guilty _____."

If you decide that the Government has proved a charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved a charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

### F.    **Verdict Limited to Charges Against this Defendant**

Remember that the Defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the Government has proved the crimes charged.

### G.    **Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of any evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.